# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | )<br>) |
| **Plaintiff,** | )<br>) Case No. 1:18-cr-00415<br>) |
| v. | ) Judge Dan Aaron Polster<br>) |
| **LAZARO OSCAR ROMERO-COLINDRES,** | ) **OPINION AND ORDER**<br>) |
| **Defendant.** | )<br>) |

Before the Court is Defendant Lazaro Oscar Romero-Colindres's Motion to Dismiss his Indictment for illegal reentry in violation of 8 U.S.C. § 1326. **Doc. #: 9**. For the following reasons Romero-Colindres's Motion to Dismiss is **DENIED**.

**I.**

Romero-Colindres first encountered immigration officials on or about March 23, 2002. That day, Romero-Colindres was issued a Notice to Appear ("NTA") that ordered him to appear before an immigration judge. Doc. #: 9-2. In place of an actual date and time, the NTA provided to Romero-Colindres stated "(Court will provide)." *Id.* at 1. On March 28, 2002, while still in custody, Romero-Colindres was served with a Notice of Hearing ("NOH") that provided the date and time of his removal proceeding. Doc. #: 14-3.

The removal proceeding was held before the immigration court on April 1, 2002. Romero-Colindres attended by video conference, requested and was granted voluntary departure, and was ordered to return to Honduras no later than May 1, 2002. *See* Doc. #: 14-4. Romero-Colindres did not return to Honduras as ordered. Over the next 12 years, Romero-Colindres was removed from the United States three separate times on July 15, 2004, August 30, 2013, and December 22, 2014. Each time, Romero-Colindres was removed on the basis of the immigration judge's April 1, 2002 order without new administrative proceedings.

On June 21, 2018, the U.S. Supreme Court issued its decision in *Pereira v. Sessions*, 138 S. Ct. 2105 (2018). On July 24, 2018, a Grand Jury charged Romero-Colindres with illegal reentry into the United States in violation of 8 U.S.C. § 1326. Doc. #: 1. Now, Romero-Colindres seeks to rely on *Pereira* to collaterally challenge the validity of the April 1, 2002 removal order, and dismiss the July 24, 2018 Indictment.

## II.

In order for Romero-Colindres to collaterally challenge the underlying removal order under 8 U.S.C. § 1326(d), he must show that: "(1) [he] exhausted any administrative remedies that may have been available to seek relief against the order; (2) the deportation proceedings at which the order was issued improperly deprived [him] of the opportunity for judicial review; and (3) the entry of the order was fundamentally unfair." 8 U.S.C. § 1326(d).

Nothing in the record suggests that any portion of the deportation proceeding where Romero-Colindres's removal order was issued deprived him of an opportunity for judicial review. Indeed, Romero-Colindres does not assert that he was deprived of an opportunity for judicial

review. Instead, he only asserts that this requirement is excused in this case. *See* Doc. #: 9 at 5. As described below, this is incorrect.

Nor is there anything in the record that suggest that entry of the 2002 removal order was fundamentally unfair. It is uncontested that Romero-Colindres was given notice of the hearing and opportunity for counsel. Romero-Colindres actually appeared at his hearing and was granted voluntary departure. Thus, nothing about the hearing or the order entered at the hearing was fundamentally unfair.

Regarding administrative exhaustion, the 2002 removal order indicates that Romero-Colindres waived his right to appeal the order to the Board of Immigration Appeals, therefore he did not exhaust his administrative remedies. *See Bi Xia Qu v. Holder*, 618 F.3d 602, 609 (6th Cir. 2010) ("for an immigrant to exhaust her administrative remedies, she must properly present her claim to the BIA."). Romero-Colindres asserts that he need not show administrative exhaustion because exhaustion can be "excused . . . 'where the administrative proceeding would be void.'" Doc. #: 9 at 5 (quoting *Southern Ohio Coal Co. v. Office of Surface Mining, Reclamation & Enforcement*, 20 F.3d 1418, 1424 (6th Cir. 1994)).

Romero-Colindres's requirement to show administrative exhaustion and deprivation of opportunity for judicial review are not excused in this case because the immigration court proceeding is not void. Romero-Colindres asserts that the immigration court lacked jurisdiction to issue his removal order because he was given defective notice under 8 U.S.C. § 1229(a) in light of the Supreme Court's holding in *Pereira*. *See id.* at 3. In *Pereira*, the Supreme Court held that "a putative notice to appear that fails to designate the specific time or place of the noncitizen's removal proceedings is not a 'notice to appear under section 1229(a),' *and so does not trigger the stop-time rule.*" *Pereira*, 138 S. Ct. at 2113–14 (emphasis added). The Supreme Court described

its holding in *Pereira* as narrow. *See Id.* at 2110, 2113. Romero-Colindres seeks to take the Supreme Court's narrow holding in *Pereira*—as applied to 8 U.S.C. § 1229b(d)(1)'s stop-time rule—and apply it to 8 C.F.R. § 1003.14(a)'s jurisdictional provision. This is not the proper application of the narrow holding in *Pereira*.

Title 8, Section 1003.14(a) of the Code of Federal Regulations provides "Jurisdiction vests, and proceedings before an Immigration Judge commence, when a charging document is filed with the Immigration Court." 8 C.F.R. § 1003.14(a) (2018). Neither this vesting provision nor the definition of charging document under section 1003.13 expressly require that an NTA meet the statutory requirements of 8 U.S.C. § 1229(a), in fact, neither section specifies what information must be contained in a "charging document" at all. Notably however, 8 C.F.R. § 1003.15(b) describes what information must be included in a notice to appear, and that section does not require time and place to be included on the document. Thus, the NTA provided to Romero-Colindres, although insufficient under *Pereira* to trigger the stop-time rule, is sufficient to act as a charging document under 8 C.F.R. § 1003.14(a), and therefore did properly vest the immigration court with jurisdiction over Romero-Colindres's removal hearing. The Court refuses to give the narrow holding in *Pereira* a more expansive reading.

It is also worth noting that the facts of *Pereira* are distinguishable from the facts here. In *Pereira*, the defendant never received a subsequent notice of hearing setting the date and time for the removal hearing, and Pereira was ordered removed in abstentia. *See Pereira*, 138 S. Ct. at 2112. Here, as stated above, it is uncontested that Romero-Colindres was actually notified of the date and time of the hearing and in fact appeared at the hearing. He was not ordered removed in abstentia and is not seeking cancellation of removal under 8 U.S.C. § 1229(b)(1)(A), thus the stop-time rule is not implicated and Pereira is distinguishable.

**III.**

The Court finds that the immigration court had jurisdiction to conduct Romero-Colindres's removal hearing and that the April 1, 2002 removal order was valid. The predicate for Romero-Colindres's Illegal Reentry Indictment has been established. Therefore, Romero-Colindres's Motion to Dismiss the Indictment as a matter of law is **DENIED**.

    **IT IS SO ORDERED.**

*/s/ Dan Aaron Polster  October 17, 2018*
**DAN AARON POLSTER**
**UNITED STATES DISTRICT JUDGE**